# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE ) <br> COMPANY and HARTFORD ) <br> CASUALTY INSURANCE COMPANY, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> TARGET CORPORATION, ) <br>   ) <br> Defendant. ) | No. 15-cv-05262 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company (together, "Hartford") have filed this lawsuit seeking a declaration that they have no duty under liability insurance policies issued by Hartford to Springwise Facility Management, Inc. ("Springwise") to defend or indemnify Defendant Target Corporation ("Target") in connection with a now-settled personal injury lawsuit. Now before the Court is Hartford's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons explained below, the motion is denied.

## BACKGROUND

On or about March 1, 2011, Target and Springwise entered into a supplier qualification agreement ("Supplier Agreement"), pursuant to which Springwise provided landscaping services at a Target store located on North Elston Avenue in Chicago ("Elston Store"). (Compl. ¶ 16 & Ex. C, Dkt. Nos. 1, 1-6; Def. Resp. to Pls. Mot. for Judg. on Pleadings at 1, Dkt. No. 18.) The Supplier Agreement provides that Springwise's commercial general liability insurance must "designate Target as an additional insured, including with respect to third party claims or actions

brought directly against Target or against Target and [Springwise] as co-defendants and arising out of the Agreement." (Compl. ¶ 16 & Ex. C. at 6, Dkt. Nos. 1, 1-6.)

The commercial and umbrella liability policies issued by Hartford to Springwise (together, the "Policies") provide coverage to Springwise (as the named insured) as well as to any other person or organization that otherwise qualifies as an insured. Under the commercial liability policy, a person or organization may qualify as an "additional insured" when the named insured has agreed in a written contract or agreement that such person or organization be added as an additional insured on the policy. (Compl. Ex. A(4) at 31, Dkt. No. 1-4.) Such additional insureds may include vendors; lessors of equipment, land, or premises; architects, engineers or surveyors; or any other person or organization that does not fall into one of those categories, but only with respect to liability caused, in whole or in part, by the insured's acts or omissions. (*Id.* at 31-33.)[1]

On May 6, 2013, Marilyn Baez filed a complaint against Target in federal court seeking damages for injuries that she allegedly sustained when she slipped and fell while walking through the parking lot of the Elston Store in June 2011. (Compl. ¶ 17, Dkt. No. 1; *Baez v. Target Corp.*, No. 1:13-cv-04258 (N.D. Ill.).) In October 2014, Target tendered the *Baez* lawsuit to Hartford for defense and indemnification. (Compl. ¶ 20, Dkt. No. 1.)[2] After a jury trial was set, Target sought leave to file a counterclaim for contribution against Springwise. (*Baez v. Target Corp.*, No. 1:13-

---

[1] The relevant provision of the umbrella liability policy states as follows:

> Each of the following is also an "insured" . . . Any person or organization with whom you agreed, because of a written contract [or] written agreement . . . to provide insurance such as is afforded under this policy, but only with respect to your operations, "your work" or facilities owned or used by you.

(Compl. Ex. B at 21, Dkt. No. 1-5.) Because the parties' arguments regarding the instant motion focus on the "acts or omissions" language in the commercial liability policy, this opinion need not address the relevant provision of the umbrella policy.

[2] Target states that it actually tendered the *Baez* lawsuit to Springwise with a copy to Gibson Insurance Group, which Target believed to be Springwise's insurance agent. (Ans. ¶ 20, Dkt. No. 8.)

cv-04258 (N.D. Ill.), Dkt. No. 56.) The district court denied the motion. (*Id.*, Dkt. No. 59.) Just prior to trial, the parties reached a settlement and the case was dismissed. (*Id.*, Dkt. Nos. 78, 80.) Then, on May 8, 2015, Target filed suit against Springwise for indemnification and breach of contract. (*See Target Corp. v. Springwise Facility Mgmt.*, No. 1:15-cv-04109 (N.D. Ill.).) According to Target, its lawsuit against Springwise is what prompted Hartford to file the instant action.

In this case, Hartford seeks a declaratory judgment that it owes no coverage obligation to Target with respect to the *Baez* litigation. In Count I of its complaint, Hartford seeks a judgment that Target does not qualify as an additional insured under the Policies. In Count II, Hartford asks the Court to find that it has no duty to defend or indemnify Target because Target breached the Policies' notice requirements. With the present motion, Hartford seeks a judgment on the pleadings with respect to Count I only. Hartford argues that there is no material question of fact with respect to whether Target qualifies as an additional insured because nothing in the *Baez* complaint indicates that Springwise's acts or omissions form the basis of Target's liability. Target, on the other hand, contends that it is entitled to indemnification by Hartford because the expenses it incurred in connection with the *Baez* litigation did in fact arise because of Springwise's negligent acts and omissions.

## DISCUSSION

To succeed on a Rule 12(c) motion, "the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). *See also Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) ("A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is

entitled to judgment as a matter of law."). "The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the non-moving party." *Karaganis*, 811 F.2d at 358.

To decide the present motion, the Court must determine whether there is any material issue of fact with respect to whether Target qualifies as an additional insured for purposes of Springwise's commercial liability policy. The Supplier Agreement between Target and Springwise clearly states that Target must be designated as such. But because Target does not fall within any of the specific categories of additional insureds expressly listed in the policy (*e.g.*, vendors, lessors, *etc.*), it qualifies as an additional insured only with respect to liability caused, in whole or in part, by Springwise's acts or omissions. The question is therefore whether the injuries sustained by Marilyn Baez at the Elston Store are in any way attributable to Springwise's maintenance of the parking lot. Springwise contends that the answer to that question is "no," simply because Springwise was not named as a defendant in the *Baez* lawsuit and the *Baez* complaint contains no specific allegations against Springwise. That does not necessarily lead to the conclusion that Target's alleged liability was based solely upon its own acts or omissions, however.

The Court sees no reason why the application of the additional-insured provision at issue should turn on allegations drafted by a third party for purposes of her own claim.[3] How would the plaintiff in the *Baez* litigation have known that Springwise was providing landscaping services at the Elston Store and therefore might share some responsibility for her injuries? Indeed, it was perfectly reasonable for her to assume that Target was responsible for the condition of its parking

---

[3] In its reply brief, Hartford contends that under Illinois law, an insurer has a duty to defend a suit against a putative insured only if the allegations of the complaint fall within the policy coverage. But the question presently before the Court is not whether Hartford had a duty to defend Target in the *Baez* litigation; rather, it is whether Target qualifies as an additional insured under the Policies.

lot. That Springwise was not named as a defendant in the *Baez* litigation has little bearing on whether Target's alleged liability actually arose as a result of Springwise's acts or omissions and certainly is not dispositive. Nor does the complaint's lack of explicit allegations against Springwise necessarily lead to the conclusion that Target's liability was based solely upon its own alleged negligence. Whether Springwise contributed to Target's liability depends upon the resolution of a number of factual questions relating to the services provided by Springwise and the circumstances of Baez's fall. Because the *Baez* case settled before trial, there are no factual findings on record with respect to those questions. If it can be shown that Springwise left the premises in an unsafe condition and Baez fell as a result, Target very well may qualify as an additional insured for purposes of Springwise's commercial liability policy. Because Target's status as an additional insured requires factual determinations that would be improper at this stage in the proceedings, Hartford's motion for judgment on the pleadings must be denied.

## CONCLUSION

For the reasons stated above, Hartford's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.

ENTERED:

Dated: August 24, 2016

_____

Andrea R. Wood
United States District Judge