

**THOMAS G. BRUTON**
**CLERK**

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

312-435-6860

August 23, 2021

Matthew J. Devereux
Tressler LLP
233 South Wacker Drive
61st Floor
Chicago, IL 60606-6359
mdevereux@tresslerllp.com

Abigail E Rocap
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP
55 West Monroe Street
Suite 3800
Chicago, IL 60603
arocap@batescarey.com

Michael J. Duffy
Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP

55 West Monroe Street
Suite 3800
Chicago, IL 60603
michael.duffy@wilsonelser.com

Eileen M. Letts
Zuber Lawler LLP
135 S. Lasalle Street
Suite 4250
Chicago, IL 60603
eletts@zuberlaw.com

Joelle M. Shabat
Sugar Felsenthal Grais
 & Helsinger LLP
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
jshabat@sfgh.com

**In re:** *Hartford Fire Insurance Company et al. v. Target Corporation*
Case No. 15-cv-05262

Dear Counsel:

I have been contacted by Judge Andrea R. Wood, who presided over the above-referenced case.

Judge Wood has informed me that it has been brought to her attention that while she presided over this case she or her spouse owned stock in Target Corporation. Judge Wood no longer had any financial interest in Target Corporation after November 4, 2016. The case was subsequently resolved through a settlement and dismissed by stipulation of the parties on December 29, 2016. Judge Wood's financial interest neither affected nor impacted her decisions in the case. However, the stock ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Wood directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing grounds for disqualification that are not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Wood's disclosure of a conflict. Should you wish to respond, please submit your response on or before **September 23, 2021**. Any response will be considered by another judge of this court without the participation of Judge Wood.

Sincerely,

*Thomas G. Bruton*
Clerk of Court